UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEONTE COTTON                                                CIVIL ACTION

VERSUS                                                       NUMBER: 20-0080

WALMART, ET AL.                                              SECTION: "M"(5)

### REPORT AND RECOMMENDATION

Before the Court is the Rule 12(b)(6) motion to dismiss of Defendant, Kendall Pringle. (Rec. doc. 11). Plaintiff has filed no memorandum in opposition to Defendant's motion.[1] For the reasons that follow, it is recommended that Defendant's motion be granted and that Plaintiff's lawsuit be dismissed in its entirety.

The above-captioned complaint for alleged employment discrimination was filed *in forma pauperis* by *pro se* Plaintiff, Keonte Cotton, against Defendants, Walmart; Amin Russell, who is identified as a Walmart Co-Manager; Fred Lewis of the Equal Employment Opportunity Commission ("EEOC"); Desmond Zenon, who is identified as the Walmart Manager; and Kendall Pringle, who is identified as the Walmart Human Resources Manager. (Rec. doc. 1, pp. 1-2). Plaintiff is a former Walmart Associate. (*Id.* at p. 3). On the standardized complaint form she submitted, Plaintiff checked off the appropriate boxes on page three to indicate that the action was being brought pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et seq.* (*Id.* at p. 3). Following the cited page of her complaint

---

[1] As Plaintiff has filed no memorandum in response to Defendant's motion, timely or otherwise, the Court may properly assume that she has no opposition to it. *Johnson v. Colvin*, No. 14-CV-0401, 2014 WL 4186790 at *1 n. 1 (E.D. La. Aug. 22, 2014)(citing Local Rule 7.5 and *Bean v. Barnhart*, 473 F.Supp. 2d 739, 741 (E.D. Tex. 2007)); *Jones v. Larpenter*, No. 13-CV-0056, 2013 WL 1947243 at *1 n. 1 (E.D. La. Apr. 12, 2013), *adopted*, 2013 WL 1947188 (E.D. La. May 10, 2013)(same); *Lucas v. Crowe*, No. 11-CV-2752, 2013 WL 870514 at *1 n. 1 (E.D. La. Feb. 15, 2013), *adopted*, 2013 WL 870437 (E.D. La. Mar. 7, 2013)(same). Of course, a motion like the Defendant's, even if unopposed, may be granted as long as it has merit. *Braly v. Trail*, 254 F.3d 1082, 2001 WL 564155 at *2 (5th Cir. 2001).

containing the foregoing jurisdictional bases, Plaintiff inserted three handwritten pages in which she begins by alleging that she "...was retaliate[d] ... [against by] Walmart because ... [she] was a witness that the co[-]manager was having [an] affair with [an] associate ..." (*Id.* at p. 4).

Plaintiff goes on to explain that the reported retaliation took the form of her being taken off schedule, assigned manager-level work without being promoted to that position, followed around, and generally being harassed. (*Id.*). Plaintiff then goes on to describe her encounter with Fred Lewis of the EEOC wherein she presented him with evidence of the retaliation she endured, was told that she had a "good case," and that Walmart was expected to reach a settlement with her. (*Id.* at pp. 5-6). Notwithstanding those advices, Plaintiff states that Lewis never communicated with her to keep her apprised of her case and that he himself was the subject of adverse employment actions which somehow caused him to "sell her out" by entering erroneous information in her EEOC investigative file. (*Id.* at p. 6). On the fourth page of the standardized "Complaint for Employment Discrimination," Plaintiff checked off the appropriate boxes to indicate that the discriminatory conduct of which she complains was the termination of her employment, a failure to promote, and retaliation with June 8, 2019 being identified as the date on which the alleged discriminatory acts occurred. (*Id.* at p. 7). Additional boxes on the form were checked off to indicate that the acts taken against her were continuing and were based on her race, color, and gender/sex. (*Id.*). Following that page of the standardized complaint Plaintiff inserted another handwritten page in which she explains that subsequent to the EEOC's issuance of a Notice-of-Right-to-Sue, she was not sent her investigative file until December 3, 2019, thus hampering her ability to secure counsel and to file suit in a timely

fashion. (*Id.* at p. 8). In terms of exhaustion of administrative remedies, Plaintiff indicates that she filed a charge of discrimination with the EEOC on June 3, 2019 and that she received a Notice-of-Right-to-Sue from that entity on September 12, 2019. (*Id.* at p. 9). Even though Plaintiff did not identify age as a basis for discrimination earlier on in her complaint, she nevertheless checked off a box on page five – directed only to litigants alleging age discrimination – indicating that 60 days or more had elapsed since she had filed her charge of discrimination. (*Id.*). For the pain and suffering caused by the retaliation and discrimination that she reportedly endured, Plaintiff seeks $300,000 in damages. (*Id.* at p. 10).

Defendant Pringle now moves for the dismissal of Plaintiff's complaint under Rule 12(b)(6), arguing that her lawsuit was not timely filed, that any claims of race and age discrimination were not properly exhausted through the EEOC administrative process, and that administrative remedies were not exhausted with respect to the individual Defendants who, at any rate, were not Plaintiff's "employer" within the meaning of Title VII of the ADEA.[2] As noted above, Plaintiff has filed no memorandum in opposition to Defendant's motion.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a claim if the plaintiff fails to plead factual allegations in support of her claim that would entitle her to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). Those "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009), *cert. denied*, 559 U.S. 936 (2010) (quoting *Twombly*, 550 U.S. at 555).

---

[2] The grounds for dismissal urged by Defendant will be addressed in an order different from that in which they were presented to the Court.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the non-moving party, *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009), but the Court need not accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* at 677 (citing *Twombly*, 550 U.S. at 555).

As discussed earlier, the named Defendants in this matter are Walmart, Plaintiff's previous employer; and four individuals, three of whom are affiliated with Walmart and the fourth of whom is employed by the EEOC. In the Charge of Discrimination that she filed with the EEOC, Plaintiff identified only Walmart as the entity that discriminated against her. (Rec. doc. 1, p. 26). The general rule is that a party not named in an EEOC charge may not be sued for discrimination. *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 473, 481 (5th Cir. 2014)(quoting *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1988)); *Fassbender v. Treasure Chest Casino*, No. 07-CV-5265, 2008 WL 170071 at *5 (E.D. La. 2008). In light of these authorities, no Title VII or ADEA claims lie against the individual Defendants. In any event, Title VII and ADEA claims may only be asserted against an aggrieved individual's "employer"; individuals cannot be held liable under Title VII or the ADEA in either their individual or official capacities. *Malcolm v. Vicksburg Warren School District Board of Trustees*, 709 Fed.Appx. 243, 247 (5th Cir. 2017)(ADEA); *Ackel v. National Communications,*

4

*Inc.*, 339 F.3d 376, 381 n. 1 (5th Cir. 2003)(citing *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002)). These cases provide additional support for the dismissal of any Title VII and/or ADEA claims against the individual Defendants, particularly as to Defendant, Fred Lewis of the EEOC, who was not Plaintiff's "employer" or involved in any way with her employment at Walmart.[3/] More fundamentally, Plaintiff's complaint is insufficient to state a discrimination or retaliation claim against Pringle or any of the named Defendants because neither it, nor the Charge of Discrimination that Plaintiff filed with the EEOC, alleges any facts to suggest that she was discriminated against on the basis of her race, gender/sex, or age, or that she was retaliated against for engaging in any protected conduct. *Ashcroft*, 556 U.S. at 678-79; *Holtzclaw v. DCS Corp.*, 255 F.3d 254, 259 (5th Cir. 2001). Rather, Plaintiff simply alleged that she was subjected to adverse employment actions because she reported that the Produce Manager had impregnated another employee and that he should have been discharged instead of herself.

Another basis for dismissal urged by the moving Defendant is that any claims of race and/or age discrimination were not properly exhausted through the EEOC administrative process. As respects Title VII, "[e]haustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002), *cert. denied*, 537 U.S. 1200 (2003)(citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996)). The filing of an EEOC charge is a precondition to filing suit in federal court. *Id.* "Although Title VII provides that the right to

---

[3/] Because Plaintiff is proceeding *in forma pauperis* in this matter, the Court is empowered to screen her complaint and to dismiss those claims that are frivolous as lacking an arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), as well as those that fail to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). The issuance of this Report and Recommendation thus obviates the need for a separate ruling on the motion to dismiss recently filed by Defendants, Russell and Zenon. (Rec. doc. 15).

5

bring suit does not arise until after the EEOC has issued a right-to-sue notice, the ADEA has no such requirement." *Julian v. City of Houston, Texas*, 314 F.3d 721, 725 (5th Cir. 2002)(footnote omitted).  The ADEA does, however, set forth as a precondition that the individual had to have filed a charge alleging such discrimination with the EEOC at least 60 days prior to the filing of suit.  *Id.* (quoting 29 U.S.C. §626(d)).  A Title VII or an ADEA claim is limited to the scope of the Plaintiff's administrative charge and to the EEOC investigation that could reasonably be expected to grow out of the charge.  *McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 273 (5th Cir.), *cert. denied*, 555 U.S. 881 (2008); *Kebiro v. Walmart*, 193 Fed.Appx. 365, 367 (5th Cir. 2006).  As the Charge of Discrimination filed by Plaintiff was limited to gender/sex discrimination and retaliation (rec. doc. 1, p. 26), any claims related to her race, color, and/or age were not properly exhausted and may not be considered here.  *Kebiro*, 193 Fed.Appx. at 367; *Manning v. Chevron Chemical Co., LLC*, 332 F.3d 874, 879 (5th Cir. 2003), *cert. denied*, 540 U.S. 1107 (2004).

Finally, the moving Defendant argues that Plaintiff's lawsuit was not timely-filed.  Title VII provides that claimants have 90 days to file a civil action after receipt of a Notice-of-Right-to-Sue from the EEOC.  *Taylor*, 296 F.3d at 379 (citing *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982)).  Where a Charge of Discrimination alleging age discrimination is dismissed by the EEOC pursuant to the issuance of a Notice-of-Right-to-Sue, that statutory scheme similarly provides that suit be filed within 90 days.  *Julian*, 314 F.3d at 726.

In the present case, the EEOC issued its Notice-of-Right-to-Sue on September 12, 2019 (rec. doc. 1, p. 12), and Plaintiff indicates in her complaint that she received the Notice on that very date.  (*Id.* at p. 9).  Accordingly, Plaintiff had 90 days from the issuance

of the Notice, or until December 11, 2019, within which to timely file suit. Plaintiff did not initiate this lawsuit until January 9, 2020. (Rec. doc. 1). Her lawsuit, therefore, is subject to dismissal under Rule 12(b)(6) as time-barred unless some basis for tolling is apparent. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003), *cert. denied*, 540 U.S. 1161 (2004); *Peacock v. AARP, Inc.*, 181 F.Supp. 3d 430, 434 (S.D. Tex. 2016). Here, the only conceivably arguable basis for the application for tolling is Plaintiff's singular statement that the EEOC did not send her its investigative file until December 3, 2019. (Rec. doc. 1, p. 8). Even accepting that assertion as true, Plaintiff had eight days after receiving the file within which to timely file suit. More importantly, the standardized complaint form that she filed required that she attach thereto only the Notice issued by the EEOC and a copy of the Charge of Discrimination if she so desired (*Id.* at p. 9); it contains no requirement that the EEOC's investigative file also be attached. Moreover, Plaintiff did attach to her complaint a copy of a letter from the EEOC dated October 23, 2019 responding to her request for "file disclosure" and transmitting the requested information well in advance of the December 11, 2019 filing deadline. (*Id.* at p. 14). Under these circumstances, equitable tolling is not warranted.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Defendant's motion to dismiss be granted and that Plaintiff's lawsuit in its entirety be dismissed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[4]

New Orleans, Louisiana, this  23rd  day of           April         , 2020.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[4] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

8